IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

BMO HARRIS BANK N.A.      PLAINTIFF

V.     CIVIL ACTION NO.: 1:18-cv-14-SA-DAS

MONTANA FARMS, LLC,
ALONZO SYKES,
ANGELENA COOK, and
TERRY MCINTOSH     DEFENDANTS

ORDER ON MOTION FOR TRO

This matter arises on Plaintiff's Motion for Reconsideration [23] of this Court's original Order on Plaintiff's Motion for Temporary Restraining Order [18]. Defendants have not replied.

*Facts and Procedural History*

From February 2015 to November 2015, Defendants entered into various loan and security agreements with non-party lenders General Electric Capital, GE Capital Commercial, Inc. and Transportation Truck and Trailer Solutions, LLC, pursuant to which lenders financed the purchase of certain collateral for use in the Defendant borrowers business. The lenders subsequently transferred all of their rights, titles and interests in the agreements and collateral to Plaintiff. Plaintiff alleges that the Defendant borrowers failed to make November 2017 payments, and pursuant to the terms of the agreements, Plaintiff accelerated the amounts due and owing under the agreements. After written demands to surrender possession of the retained collateral went unanswered, Plaintiff filed its Complaint [1] and Motion for Temporary Restraining Order (TRO), Motion for Preliminary Injunction, and Motion for Replevin [3] in this Court on January 30, 2018. Plaintiff alleges that Defendants are now in default, requiring the Defendant borrowers to return the respective units of property to Plaintiff. The Defendants are purportedly in possession of four pieces of property valued at $285,446.63.

On February 19, 2018, personal service was accomplished by process server on Defendants Terry McIntosh and Angelena Cook, individually. Thereafter, Plaintiff filed a "Supplemental Certificate of Service," certifying that true copies of relevant pleadings were mailed to the attorneys who have appeared for Defendants Montana Farms, LLC, Angelena Cook, and Terry McIntosh. Plaintiff has not completed service of its Motion for Preliminary Injunction, TRO, and Replevin upon Alonzo Sykes, but pleadings were mailed to Montana Farms' attorney.

On March 7, 2018, this Court denied Plaintiff's Motion for Temporary Restraining Order without prejudice, citing certain failures to comply with Federal Rule of Civil Procedure 65. Thereafter, Plaintiff filed its Motion for Reconsideration, rearguing its requests for injunctive relief and correcting its procedural defaults.

*Standard*

A temporary restraining order ("TRO") should be restricted to serving the underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer. *Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439, 94 S. Ct. 1113, 39 L. Ed. 2d. 435 (1974). Federal Rule of Civil Procedure 65(b) provides that "the Court may issue a temporary restraining order without written or oral notice to the adverse party only if:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

FED. R. CIV. P. 65(b)(1). Additionally, there are four prerequisites for the extraordinary relief of a temporary restraining order. To prevail, the applicant must demonstrate (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the

2

injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the Defendant; and (4) that the injunction will not disserve the public interest. *See Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 285 (5th Cir. 1999) (citations omitted); *see also Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).

*Discussion and Analysis*

After this Court denied Plaintiff's Motion for Temporary Restraining Order,[1] Plaintiff filed a Motion for Reconsideration, and Plaintiff's counsel provided the court with an affidavit explaining why notice should not be required for grant of the TRO, as directed by Rule 65(b)(1)(B). In his affidavit, Plaintiff's attorney states that he employed a private process server who has attempted to serve Alonzo Sykes on five occasions, but has been unsuccessful each time. Plaintiff's counsel also states that Alonzo Sykes is not a necessary party to the Motion because he is not a borrower under the loan agreements pertaining to the retained collateral. The retained collateral is not titled to Alonzo Sykes and is not known to be in his possession. Furthermore, Plaintiff reports that Montana Farms, LLC has been dissolved.

Regarding the substantive nature of Plaintiff's Motion for TRO, Plaintiff established that there is a strong likelihood that it will succeed on the merits. According to the loan agreements, Plaintiff possesses an ownership and/or security interest in the retained collateral, and the agreements expressly entitle Plaintiff to take possession of and remove the retained collateral upon default by the Defendant borrowers. Accordingly, the first element is satisfied. As to the second element of its claim, Plaintiff has established that it will suffer irreparable harm if the Defendants continue to use the retained collateral. The collateral is depreciating in value through use, accumulation of mileage, and the passage of time. Next, the threatened harm to Plaintiff outweighs

---

[1] This Court held in abeyance ruling on Plaintiff's Motion for Preliminary Injunction and Replevin, pending hearing.

any harm the injunction may cause to the Defendants. The extent of the delinquencies suggests that Plaintiff may never be paid, and that the Defendant borrowers should suffer the consequences of not meeting their obligations under the agreement. As to the fourth element, Plaintiff has shown that temporarily restraining the Defendants will not harm public interest. Public policy warrants the relief that Plaintiff seeks, as the public has an interest in enforcing contractual agreements.

With the continued use and movement of the retained collateral, there is a looming threat of irreparable loss of the opportunity to recover the retained collateral through replevin by its movement outside this Court's jurisdiction or by concealment of its location by Defendants Montana Farms, Cook, and McIntosh. Therefore, based on these provisional findings, the Court orders that the Defendants and any of their responsible managing agents, officers, directors, or employees (acting within the scope of his or her office or employment), and any other person or entity in active concert or participation with the Defendants having actual notice of this Temporary Restraining Order by personal service or otherwise, are hereby enjoined and restrained:

> from transporting, using, pledging, encumbering, selling, transferring, or disposing of the Retained Collateral either in the operation of the business of the Defendant Borrowers or otherwise, except as may be necessary to move or transport the Retained Collateral in order to comply with this Order after the delivery of any third-party freight now loaded thereon, and, without limiting the generality of the foregoing, the Borrowers are specifically ordered not to load any third-party freight on the Retained Collateral.

The Defendants and any of their responsible managing agents, officers, directors, or employees (acting within the scope of his or her office or employment), and any other person or entity in active concert or participation with the Defendants having actual notice of this Temporary Restraining Order by personal service or otherwise, are hereby required to contact Plaintiff's representative, Ronald DeLorge at (214) 492-4498 or ronald.delorge@bmo.com by the end of the next business day after receiving notice of this Order. The Defendants shall immediately notify all

of their responsible managing agents, officers, directors, and employees of the entry of this Temporary Restraining Order and the terms thereof. This Order shall not be effective unless and until Plaintiff executes and files with the Clerk of the Court a bond in twice value of such items of retained collateral.

It is further ordered that Plaintiff's Motions for Preliminary Injunction and Replevin be heard before this Court on the April 2, 2018 at 1:30 P.M. and that the Defendants be cited to appear to show cause why a preliminary injunction should not be issued as requested by the Plaintiff.

*Conclusion*

Plaintiff's request for reconsideration is granted in part and denied in part. The Court grants the application for a temporary restraining order to the extent noted above, leaving the request for a preliminary injunction and replevin pending on an expedited schedule for the submission of responses and replies. This Order expires fourteen days from Plaintiff's filing of bond, unless before that time Plaintiff requests extension and such is granted for good cause shown.

SO ORDERED this the 16th day of March, 2018. 6:45 P.M.

/s/ Sharion Aycock  
UNITED STATES DISTRICT JUDGE