IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION


BMO HARRIS BANK N.A.                                                                    PLAINTIFF

V.                                                           CIVIL ACTION NO.: 1:18-cv-14-SA-DAS

MONTANA FARMS, LLC,
ALONZO SYKES,
ANGELENA COOK, and
TERRY MCINTOSH                                                                        DEFENDANTS

ORDER FURTHER EXTENDING TRO

On March 16, 2018, this Court entered a Temporary Restraining Order barring Defendants

and any of their responsible managing agents, officers, directors, or employees (acting within the

scope of his or her office or employment), and any other person or entity in active concert or

participation with the Defendants having actual notice of the Temporary Restraining Order by

personal service or otherwise:

> from transporting, using, pledging, encumbering, selling,
> transferring, or disposing of the Retained Collateral either in the
> operation of the business of the Defendant Borrowers or otherwise,
> except as may be necessary to move or transport the Retained
> Collateral in order to comply with this Order after the delivery of
> any third-party freight now loaded thereon, and, without limiting the
> generality of the foregoing, the Borrowers are specifically ordered
> not to load any third-party freight on the Retained Collateral.

The Restraining Order was set to expire on April 6, 2018 at 6:45 PM, after the Court

enetertained arguments on Plaintiff's Motion for Preliminary Injunction. However, the Court's

hearing on the preliminary injunction and replevin is not complete, as the Defendants have not had

opportunity to be fully heard.

However, the collateral at issue in this dispute is left unprotected without extension of the

Court's protective order. Therefore, during the hearing held on April 6, 2018, the Court, ruling

from the bench, determined that the TRO should be extended until after the Court makes its decision regarding the preliminary injunction and replevin. The continuance of the hearing will be set by separate notice, and the Court will examine Plaintiff's arguments on an expedited schedule so as to limit harm to both parties.

Such extension is for good cause, as the Court should have the opportunity to hear arguments regarding the alleged defaults under the security interests at issue in this matter before ultimate relief may be granted, and Plaintiff has demonstrated that there will be a continuation of the circumstances of irreparable injury if the assets are left unprotected.

SO ORDERED this the 6th day of April, 2018.

/s/ Sharion Aycock_____
UNITED STATES DISTRICT JUDGE