IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

BMO HARRIS BANK N.A., *a national banking association*　　　　PLAINTIFF

v.　　　　　　　　　　　　　　　　　CIVIL ACTION NO. 1:18-cv-14-SA-DAS

MONTANA FARMS LLC, *a Mississippi Corporation*,
ALONZO SYKES,
ANGELENA COOK,
TERRY MCINTOSH　　　　　　　　　　　　　　　　　DEFENDANTS

MEMORANDUM OPINION

This matter is before the Court on Plaintiff's Motion for Preliminary Injunction. The Court held hearings on the matter on April 6, 2018 and April 13, 2018. The Court summarizes its findings as follows.

*Factual and Procedural History*

From February 2015 to November 2015, Defendants entered into seven loan and security agreements with non-party lenders General Electric Capital, GE Capital Commercial, Inc. and Transportation Truck and Trailer Solutions, LLC, pursuant to which the lenders financed the purchase of certain collateral for use in the Defendant borrowers business. The lenders subsequently transferred all of their rights, titles and interests in the agreements and collateral to Plaintiff.

Pursuant to the terms of the agreements, when Defendant borrowers failed to make payments in November 2017, Plaintiff accelerated the amounts due and owing under the agreements. After written demands to surrender possession of the retained collateral[1] went unanswered, Plaintiff filed its Complaint [1], as well as its Motion for Temporary Restraining

---

[1] The Defendants are purportedly in possession of four pieces of property valued at $285,446.63, including the collateral held to guarantee the "First," "Second," "Third," and "Sixth" agreements with Plaintiff.

Order (TRO), Motion for Preliminary Injunction, and Motion for Replevin [3] in this Court on January 30, 2018. Plaintiff alleges that Defendants are in default for several reasons, requiring the Defendant borrowers to return the respective units of property to Plaintiff.

First, Plaintiff alleges that Defendant is in continuing payment default, occurring over the span of several months. Second, Plaintiff alleges that Plaintiffs failed to provide insurance documentation. Third, Plaintiff alleges that Defendants are in default due to the fact that Montana Farms, LLC was dissolved. Finally, Plaintiff alleges that Defendants leased the sixth unit of collateral to McIntosh Transport, LLC., contravening the terms of the Sixth Agreement.

However, Plaintiffs failed to properly serve all Defendants. On February 19, 2018, personal service was accomplished by process server on Defendants Terry McIntosh and Angelena Cook, individually. Thereafter, Plaintiff filed a "Supplemental Certificate of Service," certifying that true copies of relevant pleadings were mailed to the attorneys who have appeared for Defendants Montana Farms, LLC, Angelena Cook, and Terry McIntosh. Plaintiff completed service on Alonzo Sykes, Senior, and Montana Farms on March 8, 2018. However, Plaintiff has not completed service upon Alonzo Sykes Jr., the correct registered agent for Montana Farms. Thus, on March 7, 2018, this Court denied Plaintiff's Motion for Temporary Restraining Order without prejudice, citing certain failures to comply with Federal Rule of Civil Procedure 65.

Thereafter, Plaintiff filed its Motion for Reconsideration, rearguing its requests for injunctive relief and correcting some of its procedural defects. On March 16, the Court granted Plaintiff's Motion for Reconsideration regarding Plaintiff's Motion for TRO, holding in abeyance the determination of more permanent relief until the present hearing. Plaintiff filed its replevin bond in the amount of $570.893.26 on March 20, 2018. After expiration of the initial TRO, the Court granted an extension pending resolution of the present motion for preliminary injunction.

*Preliminary Injunction Standard*

Four elements are required for the grant of a preliminary injunction:

(1) The movant must establish a substantial likelihood of success on the merits;
(2) There must be a substantial threat of irreparable injury if the injunction is not granted;
(3) The threatened injury to the plaintiff must outweigh the threatened injury to the defendant; and
(4) The granting of the preliminary injunction must not disserve the public interest

*Cherokee Pump & Equip. Inc. v. Aurura Pump*, 38 F.3d 246, 249 (5th Cir. 1994). The movant has the burden of persuasion on each of the elements of this four-prong test. *Apple Barrel Prods., Inc. v. Beard*, 730 F.2d 384, 389 (5th Cir. 1984). Furthermore, while a TRO may be granted without notice to the parties, a preliminary injunction may not be.[2] FED. R. CIV. P. 65(a).

*Analysis and Discussion*

1. *Substantial Likelihood of Success on the Merits*

According to the loan agreements, Plaintiff possesses an ownership and/or security interest in the retained collateral, and the agreements expressly entitle Plaintiff to take possession of and remove the retained collateral upon default by the Defendant borrowers. At the hearing, Plaintiff presented competent evidence in the form of amortization schedules showing missing payments. According to the schedules, Plaintiff modified the agreements with Defendants in November 2017, providing them with three months relief from debt due. However, Plaintiff alleges that Defendants were four months behind on payments at this point. Therefore, even though representatives for Plaintiff believed that they were making current installment payments, October and November payments made to Plaintiff were applied to arrearages for prior months. Therefore, when Plaintiff

---

[2]The Plaintiff alleges that the service provided to Alonzo Sykes, Senior, is sufficient to provide notice to Alonzo Sykes, Junior, even though it does not strictly comport with the letter of Rule 4. The Court need not address service issues at this point, as it has determined that Plaintiff has not met its burden under Rule 65 for preliminary relief.

failed to satisfy current debts by December, Plaintiff accelerated all loan agreements, pursuant to its interdependent contractual agreements with Defendants.

Conversely, Defendants allege that they have not defaulted, but rather, the loan schedule was modified sometime last fall in a way that was "at best confusing." They argue that Plaintiff waived many of its arguments regarding default because they pursued a course of conduct that demonstrated to Defendants that the missed payments were inconsequential.

At this stage of the litigation, Plaintiffs have sufficiently established that there is a substantial likelihood that it will prevail on the merits at trial, as the amortization schedules and the hearing testimony shows clear defaults on the loan agreements. However, as this factor is not dispositive, the Court's analysis must also consider the potential harm to all parties.

2. *Irreparable Harm*

In considering whether to grant or deny preliminary injunctive relief, "[t]he movant has a heavy burden of persuading the district court that all four elements are satisfied." *Hardin v. Houston Chronicle Publishing Co.*, 572 F.2d 1106, 1107 (5th Cir. 1978) (citing *Canal Authority v. Callaway*, 489 F.2d 567 (5th Cir.1974)). When the movant fails to prove that, absent the injunction, irreparable injury will result, the preliminary injunction should be denied. *Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985).

Plaintiff argues that it will suffer irreparable harm for several reasons. First, Plaintiff argues that pursuant to the agreements, their rights to the collateral vested upon default, and thus they are immediately entitled to possession. Next, Plaintiff brings the Court's attention to the collateral that has already been returned, arguing that its condition was "poor," and that it had lost $300,000 in value. Further, Plaintiff argues that the remaining retained collateral is depreciating in value with each passing day. Finally, Plaintiff argues that Defendants' history of failure to pay suggests that

it will become insolvent, resulting in Plaintiff's inability to recoup the value of the collateral through monetary damages. Plaintiff argues that this factor is especially concerning due to the fact that Defendants previously bounced a check issued to Plaintiff.

When "the threatened harm is more than de minimis, it is not so much the magnitude but the irreparability that counts for purposes of a preliminary injunction." *Enterprise Int'l, Inc.*, 762 F.2d at 472 (citing *Canal*, 489 F.2d at 574). Furthermore, courts do not consider an injury "irreparable" when it can be "undone through monetary remedies." *See Id.* at 473; *Deerfield Med. Ctr. v. City of Deerfield Beach*, 661 F.2d 328, 337 (5th Cir. 1981). However, the absence of an available remedy by which the movant can later recover monetary damages may be sufficient to show irreparable injury. *Id*.

While Plaintiff has argued that it fears it will never recoup the debt owed, it has not shown that the debtors will certainly become insolvent before this matter may be resolved at trial. Furthermore, it has not sufficiently demonstrated to the Court the extent to which the retained collateral has depreciated in value due to improper treatment as opposed to the ordinary depreciation expected to result from the normal course of business. The latter is a risk that Plaintiff struck as part of the loan agreements with Defendants. Further, Defendants have shown that the collateral is insured, and that Plaintiff is the loss payee for any potential claim. Therefore, the assets are protected, and the Plaintiff could theoretically receive monetary damages from destruction of the collateral.

Plaintiffs seeking preliminary relief are required to demonstrate that irreparable injury is likely in the absence of an injunction, not merely speculative. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008). Plaintiffs have offered the

Court only speculative evidence of irreparable harm, and therefore, this factor weighs against granting the preliminary relief.

3. *Balance of Plaintiff's Interests Against Defendants'*

Next, the Court must examine the severity of the impact on the Defendants should the temporary injunction be granted and the potential hardship that would occur to Plaintiff if the injunction is denied. Though Plaintiff has posted bond with the Court, giving Plaintiff all of the relief requested would impose a disproportionate burden on Defendants. Defendants will likely be driven into insolvency if they are not able to operate the collateral in dispute. As here, mandatory[3] injunctions giving Plaintiffs the full relief sought on the merits should be issued sparingly and with skepticism. *See, e.g. Phillip v. Fairfield University*, 118 F.3d 131 (2nd Cir. 1997). Furthermore, should Defendants prevail at trial, the bond amount may not compensate for the loss of business that they are sure to lose while waiting for a final disposition at trial. The Court is reminded that "a preliminary injunction is an extraordinary and drastic remedy," *Canal*, 489 F.2d at 573, and concludes that Plaintiff has not overcome its heavy burden of showing that potential harm to them outweighs the certain harm to Plaintiffs should the Court grant the requested relief.

4. *Public Interest*

Preliminary relief will be denied if the court finds that the public interest would be injured were an injunction to be issued. Plaintiff argues that the public has an interest in enforcing contractual agreements, and that pursuant to the contracts, Plaintiff has the legal right to take possession of the collateral at any time, even without a court order. Plaintiff argues that granting preliminary relief would protect the public from harm or inconvenience by requiring the

---

[3] Mandatory injunctions are injunctions whose terms alter, rather than preserve the status quo by commanding some positive act, and many courts require the movant to meet a higher standard than in the ordinary case. *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980).

Defendants to comply with the contracts. Defendants counter that Plaintiffs should likewise be held to their end of the bargain.

"If no public interest supports granting preliminary relief, such relief should ordinarily be denied, even if the public interest would not be harmed by one." *Texas v. United States*, 86 F. Supp. 3d 591, 675 (S.D. Tex.), *aff'd*, 809 F.3d 134 (5th Cir. 2015) as revised (Nov. 25, 2015) (citation omitted). Both parties are correct in arguing that the public interest is served by the enforcement of contracts. However, Plaintiff has not established that granting preliminary relief is necessary to accomplish that goal in this particular case. Therefore, this factor weighs in favor of the Defendants as well.

*Conclusion*

The Plaintiff has not met its burden of proving irreparable harm. Instead, the Court finds that granting the injunction would disproportionately harm the Defendants. Furthermore, there is no evidence that the public good is served by granting preliminary injunctive relief before this contractual dispute is resolved on the merits. Therefore, Plaintiff's Motion for Preliminary Injunction is DENIED.

SO ORDERED this the 2nd day of May, 2018.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE